**People of the State of Illinois, ex rel. Moritz Friend et al., v. William A. Wieboldt et al.**

### Gen. No. 13,543.

1.  MANDAMUS—*when does not lie to compel city to remove obstruction from vacated alley.  Held,* that *mandamus* was properly refused where the petition sought to compel a city and individual defendants to remove an obstruction from an alley which had been formally vacated by ordinance.

2.  MANDAMUS—*discretionary power of courts with respect to ordinance.*  The writ of *mandamus* is not a writ of absolute right, but is a writ to be granted or withheld in the exercise of a sound judicial discretion in view of all the circumstances.

3. ORDINANCE—*how far courts may consider.* The motives of a council in passing an ordinance are not the subject of judicial inquiry, but the purpose of the ordinance is a proper subject of such inquiry.

*Mandamus.* Appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed December 24, 1907.

WINSTON, LOWY & McGINN, for appellants.

CLYDE L. DAY and GEORGE W. MILLER, LOESCH, SCOFIELD & LOESCH, for appellees; EDWARD J. BRUNDAGE, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The city of Chicago, July 20, 1903, passed an ordinance which provided that a certain part of a certain alley in said city be vacated. Appellants filed, March 7, 1906, in the Circuit Court, a petition against the city of Chicago, certain officers thereof, and Wieboldt and Hansen, defendants, for a writ of *mandamus* to compel said defendants to remove an obstruction from that part of said alley which the ordinance in terms vacated.

The defendants filed answers, to which petitioners filed replications. The cause was submitted to the court upon an agreed statement of facts and a final judgment rendered dismissing the petition, from which judgment petitioners appealed.

The block in question is bounded by Milwaukee avenue, Ashland avenue, Bauwan street and Elk street. Milwaukee avenue and Bauwan street run parallel with each other and about 216 feet apart. The alley in question, as originally laid out, ran through the block parallel with said avenue and street from Elk street to Ashland avenue. Wieboldt was, when the ordinance was passed, the owner of lots 5 to 10 and 44 to 50, in said block, lots 5 to 10 fronting on Bauwan street, and lots 44 to 50 on Milwaukee avenue, and said lots

5 to 10 lying directly across the alley from said lots 45 to 50. He then was the owner of a large building on said lots fronting on Milwaukee avenue, and of another building on lots 6 and 7 fronting on Bauwan street, in which buildings Wieboldt and Hansen carried on a department store. The part of the alley vacated was that part between lots 6, 7, 8, 9 and part of 10 and the lots of Wieboldt directly across the alley. The ordinance provides that Wieboldt shall accept the same within thirty days, and further provides that, "in consideration of the vacation of said alley and in lieu thereof," the said Wieboldt shall dedicate for public alleys the southeasterly sixteen feet of lot 5 and the southeasterly sixteen feet of lot 10; and as a further consideration for the vacation of said alley and the right thereunder granted to said Wieboldt, said Wieboldt is required to pay one-fourth of the expense of paving with brick pavement part of Bauwan street; and as a further consideration for the privileges conferred by this ordinance, said Wieboldt shall pay to the city $100 annually, and execute a bond in the sum of $5,000 conditioned upon his carrying out the provisions of said ordinance and hold the city harmless from damages by reason of the passage and enforcement of the same. Wieboldt accepted the ordinance and has complied with its provisions. He dedicated to the public for public alleys those portions of lots 5 and 10 which the ordinance provided he should dedicate, the city accepted the same and the alleys so dedicated have since been used by the public.

In 1903, after the passage of said ordinance, the acceptance of the same by Wieboldt and the dedication of said two alleys by him, Wieboldt, under a permit granted him by the city, constructed a large building on said lots 8, 9, that part of 10 not dedicated for an alley, and that part of said alley vacated in terms by said ordinance, and thereby connected said new building with his said old buildings and made one continuous building, which has since been occupied as a

store by Wieboldt and Hansen.  Said new building cost Wieboldt $40,000.

The present alleys afford access to the rear of every lot in the block except those covered by said building, but to pass from Elk street to Ashland avenue one must follow the old alley to lot 5, then go through the new alley to Bauwan street, along Bauwan street to the entrance to the new alley which was formerly a part of lot 10, along that alley to its intersection with the old alley and along that alley to Ashland avenue.

A municipal corporation has power to vacate an alley.  It has no power to license or permit an obstruction in a street or alley.  The cases relating to obstructions of an existing street or alley have no application to the question here presented, which relates to the right to compel the removal of an obstruction in that part of an alley which has in terms been vacated by ordinance.

The motives of the council in passing the ordinance in question are not the subject of judicial inquiry, but the purpose of the ordinance is a subject of such inquiry.

We do not think that the facts agreed upon in this case warrant the conclusion that the ordinance was passed for the sole purpose of enabling Wieboldt to occupy that part of the alley vacated.  It required Wieboldt to dedicate and he did dedicate two new alleys.  Whether the alleys so dedicated, taken in connection with Bauwan street and those parts of the old alley not vacated, were as useful and beneficial to the public as the old alley was, we think, a question for the council.  The rights of the public were not lost sight of.  Wieboldt was required not only to dedicate the two new alleys, but to pave a part of Bauwan street and to pay to the city $100 per annum.

The ordinance was an affirmative act by the council of the city of Chicago under which the situation has been changed, permanent improvements made, money

paid to the city and other money expended in paying a public street of the city. The relators cannot demand the writ of *mandamus* as an absolute right, but it is to be granted or withheld in the exercise of a sound judicial discretion in view of all the circumstances.

In view of all the facts and circumstances, we think the court did not err in denying the writ, and the judgment will be affirmed.

*Affirmed.*